# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Silvestre Santos, individually and on behalf of other similarly situated employees, Plaintiff

v.

Franklin Room, LLC and Union Restaurant, LLC, Defendants

## COMPLAINT

Silvestre Santos ("Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Franklin Room, LLC and Union Restaurant, LLC (collectively, "Defendants"), and states:

### Introduction

1. This lawsuit arises from Defendants' violations of the overtime wage provisions of the FLSA and IMWL at Defendants' restaurants.

2. Defendants operate a restaurant commonly known as "Union Sushi + Barbeque Bar" located at 230 W. Erie St, Chicago, IL 60654 and another restaurant located at 675 N. Franklin St, Chicago, IL 60654 commonly known as "The Franklin Room."

3. Plaintiff is a former employee of the Defendants and was not paid his earned overtime wages as required by the FLSA and IMWL. Instead, Defendants paid Plaintiff and other employees straight-time wages for all hours worked.

4. Defendants maintained and enforced a policy of paying Plaintiff by check and cash in an effort to conceal Defendants' obligation to pay Plaintiff his earned overtime wages.

## Jurisdiction and Venue

5. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

6. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

7. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## Facts

8. Defendants owned and operated their restaurants within the three years preceding the filing of this complaint.

9. Each Defendant is an enterprise under 29 U.S.C. § 203(r)(1).

10. Each Defendant is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendants' annual gross sales were $500,000.00 or more during the last three years.

12. Defendants acted as a joint enterprise throughout Plaintiff's employment.

13. Defendants are under the common management of Mike Schatzman.

14. Defendants are under the common ownership and control of Mike Schatzman.

15. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

16. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

17. Defendants failed to maintain and preserve records of all hours that Plaintiff worked.

18. Defendants failed to maintain and preserve records of all wages they paid to Plaintiff.

19. Plaintiff worked for Defendants from approximately 2011 to March 2017.

20. Plaintiff worked as a cook for Defendants during the relevant employment period.

21. Defendants paid Plaintiff in check for the first forty hours that he worked each week and in cash for all other hours each week during the relevant employment period.

## COUNT I: FLSA Overtime Wage Violation

22. Plaintiff incorporates all paragraphs above as if fully restated below.

23. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

24. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

25. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

26. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

27. Plaintiff's wages were not based on the number of jobs performed or completed.

28. Plaintiff's wages were not based on the quality or efficiency of Plaintiff's job performance.

29. Plaintiff was not exempt from the overtime provisions of the FLSA.

30. Defendants' failure to pay overtime violated the FLSA.

31. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff by both check and cash, at his regular rate, for all hours worked in an effort to conceal the obligation to pay Plaintiff his earned overtime wages.

32. Plaintiff is entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

33. Plaintiff incorporates all paragraphs above as if fully restated below.

34. This Count arises from Defendants' failure to pay Plaintiff all earned overtime wages.

35. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

36. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

37. Plaintiff worked more than forty (40) hours in individual work weeks.

38. Defendants did not pay earned overtime wages to the Plaintiff.

39. Plaintiff was not exempt from overtime wages.

40. Defendants violated the IMWL by failing to pay Plaintiff his earned overtime wages.

41. Plaintiff is entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Thursday, April 27, 2017.

**Valentin T. Narvaez**
Plaintiff's counsel
**Consumer Law Group, LLC**
6232 N. Pulaski Rd., Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com